FILED ——— LODGED ——— ENTERED ——— RECEIVED

DEC 03 2009   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY



**09-CV-01724-CMP**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

SURINDER S. BRATCH,

        Plaintiffs,

    v.

EQUIFAX INFORMATION SERVICES LLC
and EXPERIAN INFORMATION
SOLUTIONS, INC.

        Defendants.

Case No.

**C09-1724** *RSM*

COMPLAINT

DEMAND FOR JURY TRIAL

## I.    PRELIMINARY STATEMENT

1.    Plaintiff Surinder S. Bratch, ("Plaintiff" or "Mr. Bratch"), by and through his attorneys, Christina Latta Henry and Seattle Debt Law LLC, brings this action against Defendants Equifax Information Services LLC ("Defendant Equifax") and Experian Information Solutions, Inc. ("Defendant Experian"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, Washington State's Consumer Protection Act, and the common law torts of Defamation and Invasion of Privacy/Intrusion upon Seclusion.

## II.    PARTIES

COMPLAINT AND DEMAND FOR JURY TRIAL  - 1

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115

2.      Plaintiff Surinder S. Bratch is a natural person, a resident of Washington State, and a consumer as defined by 15 U.S.C. § 1681a(c) of the FCRA.

3.      Defendant Equifax is a Georgia Limited Liability Company licensed to do business in Washington State and is subject to the jurisdiction of this Court.

4.      Defendant Experian is an Ohio corporation licensed to do business in Washington State and is subject to the jurisdiction of this Court.

5.      Defendant Equifax is a consumer reporting agency as defined in 15 U.S.C. §1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.

6.      Defendant Experian is a consumer reporting agency as defined in 15 U.S.C. §1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.

### III.    JURISDICTION AND VENUE

7.      This court has subject matter jurisdiction over this Complaint pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*, 28 U.S.C. § 1331 and 28 U.S.C. §§ 1331 and 1337.

8.      Venue is proper in the Western District of Washington pursuant to FCRA, 15 U.S.C. §1681p, and 28 U.S.C. §1391.

### IV.    STATUTORY – FAIR CREDIT REPORTING ACT

9.      The FCRA grew out of justified concerns in Congress over abuses in the credit reporting industry.

10.     The consumer reporting industry maintains 450 million credit files on more than 110 million individuals, virtually the entire adult population of the country, and processes almost 2 billion pieces of data per month. S. Rep. 103-209, 103d Cong., 1st Sess. 2-3 (1993).

COMPLAINT AND DEMAND FOR JURY TRIAL
DEMAND FOR JURY TRIAL - 2

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115

11.     In theory, the faster sensitive personal information about a person's credit worthiness flows into credit furnishers' computers, the faster credit flows to the consumer, and the faster the economy grows.

12.     To this end "an elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." 15 U.S.C. § l681(a)(2).

13.     The preamble to the FCRA clearly states that "consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy" is apparent. 15 U.S.C. § l681(a)(3).

14.     Each bit of information can come from any of these sources: public records, creditors, landlords, lenders, credit sellers, insurance companies, employers and debt collectors (all of whom are the customers of a credit reporting agency), and even the consumer him/herself.

15.     Errors and misinformation in credit reports lead to mistakes in credit scores, and mistakes in credit scores mean consumers either pay too much for credit or are denied credit. (Beth Kobliner, "Borrower Beware: Credit Scorers Are Watching," New York Times, April 21, 2002.)

16.     Congress therefore placed upon the credit reporting agencies the burden of following reasonable procedures to assure the maximum accuracy of information concerning the individual about whom the report relates that it might accurately depict a clear and precise credit profile of a consumer. Congress passed the FCRA with the precise intent to give the consumer power over the "impersonal and unconcerned attitude displayed by business machines as to the impact of their actions upon an individual consumer..." Vinson v Ford Motor Credit Co., 259 So.2d 768,*77l (Fla. App. 1972).

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115

17.     Court rulings, such as <u>Matthews v. Deland Bank</u>, 334 So.2d 164, 166 (Fla. 1st DCA 1976) ("A disregard for the truth in reporting credit transactions, especially when coupled with the failure to correct the inaccuracies, constitutes libel per se.") have upheld the right of an individual consumer to build, possess, maintain and use a credit history that is an asset to him or her.

18.     The FCRA requires CRAs to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  15 U.S.C. § 1681(b).

19.     Under the FCRA, wherever a CRA prepares a consumer report it shall follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates.  15 U.S.C. § 1681e(b).

20.     Under the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a CRA is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of dispute from the consumer.  15 U.S.C. § 1681i(a).

21.     Under the FCRA, when a CRA conducts any reinvestigation with respect to disputed information in the file of any consumer, the CRA shall review and consider all relevant information submitted by the consumer.  15 U.S.C. § 1681i(a)(4).

22.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate or incomplete or cannot be verified, the CRA shall promptly delete that item of information from the consumer's file or modify that

COMPLAINT AND DEMAND FOR JURY TRIAL
DEMAND FOR JURY TRIAL - 4

item of information, as appropriate, based on the results of the reinvestigation. 15 U.S.C. §1681i(a)(5).

23.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees.  15 U.S.C. § 1681n.

24.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure, the costs of the action together with reasonable attorney's fees.  15 U.S.C. § 1681o.

## V.    FACTUAL ALLEGATIONS

25.    In 2004, Mr. Bratch became aware that a Chapter 7 Bankruptcy had been reported by two of the major consumer credit reporting agencies—Equifax and Experian—on his consumer credit reports since 2001.

26.    The consumer reports also contained information about various credit accounts that did not belong and had never belonged to Mr. Bratch.

27.    Mr. Bratch has never filed for bankruptcy.  However, his brother, Sukhvinder Bratch, filed for bankruptcy in 2001.

COMPLAINT AND DEMAND FOR JURY TRIAL
DEMAND FOR JURY TRIAL - 5

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115

28.    Surinder Singh Bratch and Sukhvinder Singh Bratch have nearly identical social security numbers; they differ by only one digit. The last four digits of Surinder's social security number are 4625, and the last four digits of Sukhvinder's social security number are 4825.

29.    After learning about these significant problems with his credit reports, Mr. Bratch retained a law firm in Seattle, the Gomes Law Firm, to dispute the inaccuracies and to inform potential creditors about the inaccuracies.

30.    By April 2005, Mr. Bratch was able to get the bankruptcy removed from his consumer credit reports.

31.    Over the next several years, Mr. Bratch continued to experience significant problems with obtaining credit. Mr. Bratch had started a sole proprietorship, Bratch Auto Body, in 1999 and converted it into a corporation in November 2003. Although the business was booming since its inception, the problems with Mr. Bratch's credit severely hindered the business. In addition to a monthly rent increase from $2400 to $4900, the credit inaccuracies also led to his vendors refusing to extend any credit terms to Bratch Auto Body. In the absence of credit, Mr. Bratch had to depend on payments from customers to be able to buy parts and supplies.

32.    Because Mr. Bratch had successfully removed the bankruptcy from his credit reports, he assumed his credit problems were caused by other factors. However, in March 2008, Key Bank sent Mr. Bratch a letter of refusal for a line of credit, citing "public records" on his credit reports as a reason for the denial. This letter alerted Mr. Bratch to the possibility that the bankruptcy had reappeared on his consumer credit reports.

33.    Around the same time, in May 2008, Mr. Bratch attempted to refinance his residential mortgage. When the mortgage agent pulled his consumer credit reports, the bankruptcy had indeed reappeared.

34.    On the mortgage agent's recommendation, Mr. Bratch signed up with a credit correction firm, USCCRA, in June 2008. One of their attorneys, William Shofstall, sent a round

COMPLAINT AND DEMAND FOR JURY TRIAL
DEMAND FOR JURY TRIAL - 6

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115

1  of dispute letters to Defendants Equifax and Experian in July 2008. However, these dispute

2  letters were incomplete because they did not include the bankruptcy; they only pertained to

3  inaccurate individual credit entries. Thereafter, Mr. Shofstall sent another round of dispute

4  letters that included the bankruptcy.

5      35.    Defendant Experian's response to the second dispute letter, dated August 12,

6  2008, shows that Experian investigated the dispute. The response shows that after the

7  reinvestigation, Experian maintained that the bankruptcy was being correctly reported and that it

8  would remain on Mr. Bratch's report.

9      36.    Upon information and belief, Equifax did not respond to the disputes sent by Mr.

10  Shofstall. It is not clear whether Defendant Equifax performed a reinvestigation.

11     37.    Shortly thereafter, in September 2008, Mr. Bratch terminated his relationship with

12  Mr. Shofstall and engaged Christina Latta Henry of Seattle Debt Law LLC to help him resolve

13  his credit issues.

14     38.    As of October 1, 2008, Defendants Experian and Equifax were both continuing to

15  report the bankruptcy on Mr. Bratch's consumer credit reports.

16     39.    On October 23, 2008, with Ms. Henry's assistance, Mr. Bratch sent out another

17  round of dispute letters to Defendants Experian and Equifax, asking them to investigate the

18  bankruptcy and other inaccurate tradelines.

19     40.    As a result, in early 2009, the bankruptcy was once again removed from Mr.

20  Bratch's consumer credit reports.

21     41.    The Defendants have repeatedly reported derogatory and inaccurate statements

22  and information relating to the Plaintiff and the Plaintiff's credit history to third parties.

23     42.    The inaccurate credit reports negatively reflect upon the Plaintiff, Plaintiff's credit

24  repayment history, Plaintiff's financial responsibilities as a debtor, and Plaintiff's

25  creditworthiness.

26

27

COMPLAINT AND DEMAND FOR JURY TRIAL
DEMAND FOR JURY TRIAL - 7

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115

43.    Plaintiff has repeatedly disputed the inaccurate tradelines with the Defendants. Notwithstanding Plaintiff's disputes, Defendants failed to conduct timely and reasonable investigations of the Plaintiffs' disputes and willfully continued to report inaccurate information.

44.    Despite Plaintiff's exhaustive efforts to date, the Defendants nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, failed to remove the inaccurate information, and continued to report the derogatory inaccurate information about the Plaintiff.

45.    Plaintiff has applied for and has been denied various loans and extensions of consumer credit on several different occasions, including an application to refinance his residential mortgage in May 2008, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on the Plaintiff's consumer credit reports and that the inaccurate information was a substantial factor in those denials.

46.    The lack of credit forced Mr. Bratch to borrow money from his family— approximately $200,000 in total.  Because of his cultural heritage, described in more detail below, having to borrow this money from his family caused much shame for Mr. Bratch and his wife, as well as emotional distress and marital discord.

47.    The inflated rent payments and lack of credit for his business led to Mr. Bratch having to work extremely long hours for several years.  He often had to work 20 hours a day, seven days a week.  The long hours took him away from his family and also forced him to ask his family for help with childcare, bringing further shame to Mr. Bratch and his wife.

48.    Plaintiff's credit reports and credit history have been obtained from credit reporting agencies and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information reported by the Defendants have been a substantial factor in precluding the Plaintiff from receiving credit offers and from receiving the most favorable terms in financing and interest rates for credit.

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115

49.     As a result of the Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary loses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, and out-of-pocket expenses, all to Plaintiff's great detriment and loss.

50.     As a result of the Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish and marital discord.

51.     As a result of the Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation.

52.     Plaintiff has suffered acute dignitary harm due to his cultural heritage.  Mr. Bratch hails from a Jat Sikh family.  Jat Sikh families have their roots in rural Punjab in India.  Jat Sikhs are known for their fearlessness, honesty, hard work, and independence in character.   Jat Sikh families are closely knit and go out of their way to help one another in all aspects of life.  Jat Sikhs participate in many special traditions, including making pilgrimages to the Golden Temple in India, honoring family members with gifts at wedding ceremonies, and traveling after marriage to visit extended family members.  Plaintiff has been unable to participate in these traditions due to the financial problems caused by the Defendants' conduct.  He has been unable to buy gifts for his wife that Jat Sikh men traditionally give their wives after marriage.  He has made many promises to his wife and children about gifts, pilgrimage-related travel, and other activities but then could not follow through because he did not have enough time or money.  He has had to give up activities that are important to his cultural heritage, such as Gatka (martial arts), as well as recreational activities like music and snowmobiling.

53.     At all times pertinent hereto, Defendants were acting by and through their respective agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115

1    54.    At all times pertinent hereto, the conduct of the Defendants, as well as that of

2  their respective agents, servants, and/or employees, was malicious, intentional, willful, reckless,

3  and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

4

## VI.    CAUSES OF ACTION
5

6                                        Count I

7    Violation Of The Fair Credit Reporting Act 15 U.S.C. §1681, et seq.

8
9    55.    Plaintiff incorporates by reference the paragraphs above as though fully stated
10  herein.

11    56.    Defendants willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing

12  to follow reasonable procedures to assure maximum possible accuracy of the information

13  contained in the Plaintiff's consumer reports.

14    57.    Defendants mismerged credit data attributable to other persons with the consumer

15  reports of Plaintiff.

16    58.    Defendants failed to utilize a search algorithm capable of distinguishing between

17  persons with different personal identifiers.

18    59.    Defendants created, maintain, and utilize a credit reporting system which is

19  defective and does not comply with the FCRA or other laws governing Defendants' actions.

20    60.    Defendants improperly posted a Chapter 7 bankruptcy to Plaintiff's credit files.

21    61.    Defendants improperly posted accounts and other data to Plaintiff's credit files.

22    62.    Defendants willfully and/or negligently violated 15 U.S.C. § 1681i.

23    63.    Defendants willfully and/or negligently failed to put in place procedures to

24  properly reinvestigate consumer claims of inaccuracy in credit reports.

25    64.    Defendants willfully and/or negligently refused to properly reinvestigate the

26  Plaintiff's consumer reports.

27

COMPLAINT AND DEMAND FOR JURY TRIAL
DEMAND FOR JURY TRIAL - 10

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115

65.    The tradelines contained within the Plaintiff's consumer credit reports as published by Defendants rendered those reports inaccurate.

66.    As part of the reinvestigation, Defendants were required to consider and give due weight to all relevant information submitted by the Plaintiff.

67.    Defendants negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a).

68.    In response to the request for reinvestigation, Defendants improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5).

69.    Defendants maintained the inaccurate tradeline on the Plaintiff's consumer credit reports until early 2009, when they were finally removed after Plaintiff again disputed the inaccuracies in October 2008.

70.    Defendants willfully and/or negligently failed to maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that was previously deleted after a reinvestigation in violation of 15 U.S.C. § 1681i(a)(5)(C).

71.    Defendants have negligently and/or willfully failed to conduct a proper reinvestigation of the tradelines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

72.    The Plaintiff suffered damages as a result of these violations of the FCRA.

73.    The Defendants' actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitle the Plaintiff to actual damages, statutory damages, punitive damages, and attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

<u>Count II</u>

<u>Violations of the Washington State Consumer Protection Act</u>

COMPLAINT AND DEMAND FOR JURY TRIAL
DEMAND FOR JURY TRIAL - 11

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115

74.    Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

75.    Defendants have violated the Consumer Protection Act found in chapter RCW 19.86 by using unfair and deceptive trade practices.

76.    Defendants' unfair and deceptive trade practices include, but are not limited to, the continued dissemination of untrue private financial information to third parties after such information was correctly disputed by the Plaintiff.

77.    Plaintiff is entitled to treble damages from each defendant for intentional violations of the Consumer Protection Act, plus attorney fees and costs pursuant to RCW 19.86.

Count III

Defamation

78.    Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

79.    Defendants' conduct, action and inaction defamed Plaintiff by publishing false information regarding Plaintiff's creditworthiness to third parties.

80.    As a direct and proximate result of this violation, Plaintiff has experienced harm in a form that includes emotional distress, humiliation, mental and physical anguish and damages to his creditworthiness.

Count IV

Invasion of Privacy/Intrusion upon Seclusion

81.    Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

82.    Defendants and/or their respective agents intentionally and/or negligently interfered with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by publishing false private financial information to third parties.

COMPLAINT AND DEMAND FOR JURY TRIAL
DEMAND FOR JURY TRIAL - 12

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115

83.    Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

84.    Defendants' conduct resulted in intrusions and invasions of privacy, which occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

85.    As a result of such intrusions and invasions of privacy, Plaintiff is entitled to damages for harms to their interest in privacy resulting from the invasion, mental distress proved to have been suffered if it is of a kind that normally results from such an invasion, and special damages of which the invasion is a legal cause.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Surinder S. Bratch prays that the Court grant the following relief in favor of the Plaintiff and against Defendants Equifax and Experian:

1. For Actual Damages;

2. For Compensatory Damages;

3. For Statutory Damages;

4. For Punitive Damages;

5. For Attorney Fees and Costs incurred in this action;

6. For an Order directing the Defendant to immediately delete any remaining inaccurate information from the Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

7. For such other and further relief as the Court may deem just and proper.

## VIII.    JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues.

COMPLAINT AND DEMAND FOR JURY TRIAL
DEMAND FOR JURY TRIAL - 13

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115

1      DATED this 17th day of November, 2009.

2                             Respectfully Submitted,

3                             SEATTLE DEBT LAW, LLC

4

5                     By: _____

6                          Christina Latta Henry, WSBA #31273
                            Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT AND DEMAND FOR JURY TRIAL
DEMAND FOR JURY TRIAL - 14

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 1050
SEATTLE, WA 98104
telephone (206) 324-6677
fax (206) 447-0115