Kevin H. Breck, WSBA #39183
Winston & Cashatt, Lawyers
Bank of America Financial Center
601 W. Riverside, Suite 1900
Spokane, WA 99201
(509) 838 1416 (fax)
(509) 838 6131
khb@winstoncashatt.com

Lewis Perling (admitted *pro hac vice*)
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA 30309
Phone:  (404) 572-4600
Fax:      (404) 572-5100
Email:  lperling@kslaw.com

HON. RICARDO S. MARTINEZ

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| SURINDER S. BRATCH,<br><br>   Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>   Defendants. | Case Number:  2:09-cv-01724-RSM<br><br>**SUPPLEMENTAL DECLARATION OF LADEAMYA MIXON IN SUPPORT OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, Ladeamya Mixon, declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, as follows:

  1. I am Manager of Customer Services for Defendant Equifax Information Services LLC ("Equifax").

  2. I am over 21 years of age and I have personal knowledge of the facts below based upon

---

SUPPLEMNTAL DECLARATION OF LADEAMYA MIXON

1

my experience and a review of Equifax's records. I am otherwise competent to provide this declaration.

3. If a consumer disputes an account stating that it was "never paid late," Equifax will generally advise the furnisher, via Automated Consumer Dispute Verification ("ACDV"), that the consumer "disputes the current/pervious account status/payment history profile/payment rating. Verify payment history profile, account status, and payment rating." Equifax expects that the furnisher thereafter will investigate and respond by verifying the information as reported, deleting it, or updating it.

4. When Equifax submits an ACDV to a furnisher that states that the dispute by the consumer is "Not his/hers. Provide complete ID," Equifax likewise expects that the furnisher will verify all information, including the payment history, delete it, or update it.

5. When Plaintiff made a dispute to Equifax in July 2008 that a Capital One and an Americas Servicing account were "never paid late," Equifax should have notified the two furnishers in the ACDV that he "disputes the current/pervious account status/payment history profile/payment rating. Verify payment history profile, account status, and payment rating."

6. Even though the two furnishers, Capital One and Americas Servicing, were told instead that the dispute was "not his," they both verified the payment history as well as the identifying information on the accounts.

7. Consequently, Equifax complied with Plaintiff's request to investigate the payment history on the Capital One and Americas Servicing accounts in its July 2008 reinvestigation.

8. Equifax did not use the wrong name on the ACDVs that it sent to the furnishers in the July 2008 dispute reinvestigation.

9. Instead, it correctly used the name that was on the credit file at the time of the dispute.

10. Since Plaintiff was not disputing the ownership of the accounts in July 2008, having the

SUPPLEMNTAL DECLARATION OF LADEAMYA MIXON

2

name Sukhwinder S. Bratch on the ACDVs did not alter or change the reinvestigation.

11. Plaintiff's telephone call to Equifax on October 8, 2008 was not a dispute of any information.

12. Instead, because the consumer was not disputing information, Equifax treated the call as a consumer inquiry and answered questions for Plaintiff.

Pursuant to 28 U.S.C. §1746, I further declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of May, 2011, at Atlanta, Georgia.

/s/**Ladeamya Mixon**
Ladeamya Mixon

SUPPLEMNTAL DECLARATION OF LADEAMYA MIXON

3